UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER J. HASSO aka JENNIFER J. HASSO-NAJM, individually and as Trustee of the NAJM FAMILY TRUST U/D/T/ 05/19/97,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, NASLAND ENGINEERING, et al.,<br><br>Defendants. | Case No.: 19-CV-00368-AJB-WVG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 13)** |

Presently before the Court is Defendant Nasland Engineering's motion to dismiss Plaintiff Jennifer Hasso's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 13.) Also pending before the Court is Defendant's motion for judicial notice. (Doc No. 13-1.) Having reviewed the parties' arguments and controlling legal authority and pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. Accordingly, the **July 11, 2019 motion hearing** is hereby **VACATED**. For the reasons set forth below, the Court **DENIES** Defendant's request for judicial notice and **GRANTS** its motion to dismiss.

## I. BACKGROUND

The following facts are taken from the Complaint and construed as true for the

limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

Defendant provides engineering, surveying, and land planning services to the Defendant City of San Diego. (Doc. No. 1 at ¶25) Plaintiff brought this suit alleging that on March 14, 2018, Defendant entered Plaintiff's property without seeking or obtaining her consent to provide these services to the City. (*Id.*) Plaintiff further alleges Defendant spray-painted the property's structure and interior courtyard. (*Id.* at ¶114.) Additionally, Plaintiff claims that Defendant KTUA, the City's contractor, hired Defendant to conduct this survey and gave Defendant permission to enter Plaintiff's property. (*Id.*) Plaintiff also contends she witnessed Defendant's employees enter and spray-paint her property. (*Id.*)

On April 11, 2019, Plaintiff and Defendant signed a joint stipulation to dismiss all causes of action against Defendant except for trespass. (Doc. No. 12.) Defendant moves to dismiss that claim now.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ."

*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III.   DISCUSSION

Defendant requests judicial notice of three exhibits and moves to dismiss the lone trespass claim against it. The Court discusses each in turn below.

#### A.   Defendant's Request for Judicial Notice

Under Federal Rule of Evidence 201, the court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendant asks the Court to take judicial notice of three exhibits: (1) the court's docket; (2) the Joint Stipulation between Defendant and Plaintiff to dismiss all causes of action against Defendant, except for trespass, filed on April 11, 2019; and (3) Plaintiff's complaint, filed on February 22, 2019. (Doc. No. 13-1 at 2.)

Plaintiff does not oppose judicial notice of these documents. (*See generally* Doc. No. 20.) However, the Court need not take judicial notice of the its own docket or documents filed on the docket in this case. *Henricks v. California Pub. Utilities Comm'n*, No. 17CV2177-MMA (MDD), 2018 WL 2287346, at *8 (S.D. Cal. May 18, 2018) (citing *Asdar Grp. v. Pillsbury, Madison, & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996)) (finding moot Plaintiff's request for the Court to take judicial notice of pleadings filed on the docket in this case). Since all three documents are already either the docket, or publicly filed on the docket, the Court **DENIES AS MOOT** Defendant's request for judicial notice. (Doc. No. 13-1.)

#### B.   Defendant Lawfully Entered Plaintiff's Property Under Cal. Civ. Code Section 846.5(a)

Plaintiff contends that Defendant "engaged in construction, inspections, and other

acts in furtherance of the design and construction of the AIDS Regional Memorial Park by entering Plaintiff's property without seeking or obtaining Plaintiff's permission." (Doc. No. 1 at ¶159.) Plaintiff further alleges Defendant entered her property numerous times without her knowledge or consent and spray-painted her house and patio. (*Id.* at ¶160.)

However, Plaintiff also states in her Complaint that Defendant entered her property in its capacity as land surveyor. (Doc. No. 1 at ¶25.) Under California Civil Code § 846.5(a), land surveyors have the right to enter private property "to investigate and utilize boundary evidence, and to perform surveys[.]" Moreover, "[t]he right of entry is not contingent upon the provision of prior notice to the owner or tenant. The owner or tenant shall be notified of the proposed time of entry where practicable." Cal. Civ. Code § 846.5(a). Thus, taking the facts within Plaintiff's Complaint as true, Defendant had the legal right as a land surveyor hired by the City and KTUA to enter Plaintiff's property and conduct a survey.

Furthermore, "a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Plaintiff has not alleged that Defendant entered her private property for any improper purpose, nor has she stated that Defendant failed to notify Plaintiff though it was practicable to do so. Thus, this Court may not look to the new facts or allegations within Plaintiff's opposition to Defendant's motion to dismiss.

Finally, Plaintiff's repeated allegations that Defendant spray-painted her property is irrelevant as it is not actionable under her trespass to land claim. Therefore, Defendant's motion to dismiss is **GRANTED WITHOUT PREJUDICE**.

### IV. LEAVE TO AMEND

Plaintiff argues in her response that the § 846.5 protection should not apply because Defendant entered her land "under the guise of conducting a survey." (Doc. No. 20 at 8.) Plaintiff also asserts that Defendant's failure to give her notice somehow moots the

statute's protection. However, the statute explicitly states "[t]he right of entry is not contingent upon the provision of prior notice to the owner or tenant." Cal. Civ. Code § 846.5(a). Plaintiff's accusation that Defendant entered knowing "it had no proper purpose" is conclusory at best. Although leave to amend is typically freely given under Federal Rule of Civil Procedure 15(a), here the Court finds that amendment would be futile. It is simply Plaintiff's conclusory opinion that Defendant acted improperly. Even if the Court allowed her to amend her complaint to include this allegation, it is the type of legal conclusion that the Court is not required to accept as true. *See Iqbal*, 556 U.S. at 678. Thus, the Court **DENIES** her leave to amend.

## V. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED WITHOUT PREJUDICE**, (Doc. No. 13), and Defendant's motion for judicial notice is **DENIED AS MOOT**, (Doc. No. 13-1). Since this motion adjudicates the only claim against Defendant, Nasland Engineering is hereby **DISMISSED** from the action.

**IT IS SO ORDERED.**

Dated: May 23, 2019

Hon. Anthony J. Battaglia
United States District Judge