# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER J. HASSO aka JENNIFER J. HASSO-NAJM, individually and as Trustee of the NAJM FAMILY TRUST U/D/T 05/19/97,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a California municipal corporation; MAYOR KEVIN L. FAULCONER, an individual; JEN LEBRON, an individual; TODD GLORIA, an individual; YOVANNA LEWIS, an individual; MARY CARLSON, an individual; KTU&A, a California corporation; KURT W. CARLSON, an individual; METRO SAN DIEGO COMMUNITY DEVELOPMENT CORPORATION, a California corporation; WILLIAM D. NORDQUIST, an individual and as TRUSTEE OF THE WILLIAM D. NORDQUIST FAMILY TRUST dated May 14, 1993; EILEEN J. NORDQUIST, an individual and as TRUSTEE OF THE WILLIAM D. NORDQUIST FAMILY TRUST dated May 14, 1993; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 19-CV-368 TWR (DEB)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TO THE MAYOR DEFENDANTS FOR FAILURE TO EFFECT SERVICE AND FOR WANT OF PROSECUTION** |

Rule 4 of the Federal Rules of Civil Procedure provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also* S.D. Cal. CivLR 4.1(b) (authorizing the Court to order Plaintiff to show cause 100 days following the filing of a complaint when proof of service has not been filed). "In the absence of service of process (or waiver of service by the defendant) . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citations omitted). Further, "[a]ctions or proceedings [that] have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the Court for want of prosecution." S.D. Cal. CivLR 41.1(a); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.").

Here, Plaintiff Jennifer J. Hasso filed a First Amended Complaint adding as Defendants former Mayor Kevin L. Faulconer and former City Councilmember and current Mayor Todd Gloria in their individual capacities (the "Mayor Defendants") on January 26, 2020. (*See generally* ECF No. 61.) Plaintiff never filed proof of service of her First Amended Complaint on the Mayor Defendants. (*See generally* Docket.) This action was then transferred to the undersigned, (*see generally* ECF No. 85), who granted Plaintiff leave to file her operative Second Amended Complaint on December 4, 2020. (*See*

*generally* ECF No. 86.)  Plaintiff filed her Second Amended Complaint on December 18, 2020, (*see generally* ECF No. 89), again naming the Mayor Defendants.  A review of the docket indicates that Plaintiff has neither filed proof of service of her Second Amended Complaint on the Mayor Defendants nor taken any other action against them since December 18, 2020.  (*See generally* Docket.)

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** why this action should not be dismissed as to the Mayor Defendants for failure to effect service pursuant to Rule 4(m) and Civil Local Rule 4.1(b) and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41.1(a).  Plaintiff **SHALL FILE** a response to this Order, <u>not to exceed ten (10) pages</u>, <u>within seven (7) days of the electronic docketing of this Order</u>.  *Should Plaintiff file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a) on or before that date, no further response to this Order shall be required.  If Plaintiff fails adequately to respond to this Order within the time provided, the Court will enter a final order of dismissal without prejudice for failure to effect service pursuant to Rule 4(m) and Civil Local Rule 4.1(b); failure to prosecute pursuant Rule 41(b) and Civil Local Rule 41.1(a); and failure to comply with the Federal Rules of Civil Procedure, Civil Local Rules, and this Order pursuant to Civil Local Rule 83.1(a).*

**IT IS SO ORDERED.**

Dated:  September 15, 2021

Honorable Todd W. Robinson
United States District Court